IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TERESA A. MORRING and<br>DESHAUNIA Q. SNOWDEN, as<br>Parents and Next Friends of<br>QUINTON ELIJAH SNOWDEN<br>5861 Poplar Hall Drive<br>Apt. 23B<br>Norfolk, VA  23502,<br><br>                    Plaintiffs,<br><br>          v.<br><br>CHILDREN'S NATIONAL MEDICAL<br>CENTER,<br>Serve:    C.T. Corporation System<br>               1015 15th Street, NW<br>               Suite 1000<br>               Washington, DC  20005,<br><br>                    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)          Civil Action No. 06CV02036<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>ANSWER</u>**

        Children's National Medical Center, by undersigned counsel, answers the

Complaint herein as follows:

<u>First Defense</u>

        The Complaint, and each and every Count thereof, fails to state a claim against

this Defendant upon which relief can be granted.

<u>Second Defense</u>

        For answer to the separately-numbered paragraphs of the Complaint, this

Defendant states as follows:

325193v1

<u>COUNT I</u>
(Medical Negligence-Child's Claims)

    1.  Jurisdictional allegations require no answer by reason of which none is given. To the extent an answer may be required, Defendant states that it is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 1 of the Complaint.

    2.  Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 2 of the Complaint.

    3.  The allegations set forth in paragraph 3 of the Complaint are admitted in substance except that Defendant states that it is a not-for-profit entity licensed to operate a hospital in the District of Columbia.

    4.  Defendant admits that at the times in question it was a duly-licensed and accredited healthcare facility.  The remaining allegations of paragraph 4 of the Complaint are denied in the form alleged.

    5.  Defendant admits that at various times set forth in the Complaint, Quinton Elijah Snowden was seen and treated at Children's National Medical Center by agents and employees of this Defendant who were acting within the scope of their agency and/or employment.  The remaining allegations set forth in paragraph 5 of the Complaint are denied in the form alleged.

    6.-7.  Defendant admits that Plaintiffs presented their minor Quinton Elijah Snowden to Children's National Medical Center for treatment beginning September 11, 2005 and that the infant received care and treatment as set forth in the hospital records concerning the admission.  The remaining allegations of paragraphs 6 and 7 of the Complaint are denied in the form alleged.

325193v1

8.  Denied in the form alleged.

9.  Denied in the form alleged.

10.  Denied in the form alleged.

11.  Denied in the form alleged.

12.  Denied.

13.  Denied.

<u>COUNT II</u>
(Lack of Informed Consent)

Defendant incorporates by reference herein the answer and defenses set forth

above, and further states as follows:

14.  Denied in the form alleged.

15.  Denied in the form alleged.

16.  Denied in the form alleged.

17.  Denied.

18.  Denied in the form alleged.

<u>COUNT III</u>
(Strict Products Liability)

Defendant incorporates by reference herein the answer and defenses set forth

above, and further states as follows:

19.  Denied.

20.  Denied in the form alleged.

21.  The matters set forth in paragraph 21 of the Complaint constitute

conclusions of law not allegations of fact by reason of which no answer is required and

none is given.  To the extent an answer may be required, Defendant is without

knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 21 of the Complaint, the legal effect of which is to deny the same.

22.  The matters set forth in paragraph 22 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 22 of the Complaint, the legal effect of which is to deny the same.

23.  The matters set forth in paragraph 23 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 23 of the Complaint, the legal effect of which is to deny the same.

24.  Denied in the form alleged.

25.  The matters set forth in paragraph 25 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 25 of the Complaint, the legal effect of which is to deny the same.

26.  Denied in the form alleged.

27.  Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 27 of the Complaint, the legal effect of which is to deny the same.

325193v1

28.  The matters set forth in paragraph 28 constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant states that it is without knowledge or information sufficient to form a belief as to the matters set forth in paragraph 28 of the Complaint, the legal effect of which is to deny the same.

29.  The matters set forth in paragraph 29 constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant states that it is without knowledge or information sufficient to form a belief as to the matters set forth in paragraph 29 of the Complaint, the legal effect of which is to deny the same.

30.  Denied.

31.  Denied.

32.  Denied.

33.  Denied in the form alleged.

34.  Denied in the form alleged.

35.  Denied.

<u>COUNT IV</u>
(Breach of Implied Warranty of Fitness for a Particular Purpose)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

36.  Denied in the form alleged.

37.  Denied in the form alleged.

38.  Denied.

39.  Denied.

- 5 -

## COUNT V
### (Breach of Express Warranties)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

40.  Denied in the form alleged.

41.  Denied.

42.  Denied

43.  Denied.

## COUNT VI
### (Fraud)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

44.  Denied.

45.  Denied.

46.  Denied.

47.  Denied.

48.  Denied.

49.  Denied.

50.  Denied.

## COUNT VII
### (Negligence *Per Se* – Violation of 21 U.S.C. § 360c(a)(II), and 21 C.F.R. Ch. 1 § 812.20(a)(2))

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

325193v1

51.  The matters set forth in paragraph 51 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 51 of the Complaint, the legal effect of which is to deny the same.

52.  The matters set forth in paragraph 52 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 52 of the Complaint, the legal effect of which is to deny the same.

53.  The matters set forth in paragraph 53 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 53 of the Complaint, the legal effect of which is to deny the same.

54.  Denied in the form alleged.

55.  The matters set forth in paragraph 55 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 55 of the Complaint, the legal effect of which is to deny the same.

56.  The matters set forth in paragraph 56 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and

325193v1

none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 56 of the Complaint, the legal effect of which is to deny the same.

57.  Denied in the form alleged.

58.  The matters set forth in paragraph 58 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 58 of the Complaint, the legal effect of which is to deny the same.

59.  The matters set forth in paragraph 59 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 59 of the Complaint, the legal effect of which is to deny the same.

60.  The matters set forth in paragraph 60 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 60 of the Complaint, the legal effect of which is to deny the same.

61.  Denied.

62.  The matters set forth in paragraph 62 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without

325193v1

knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 62 of the Complaint, the legal effect of which is to deny the same.

63.  Denied.

64.  Denied.

COUNT VIII

(Negligence *Per Se* – Violation of 21 U.S.C. § 331 (a), (b), (c), (g) and (k))

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

65.  The matters set forth in paragraph 65 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 65 of the Complaint, the legal effect of which is to deny the same.

66.  The matters set forth in paragraph 66 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 66 of the Complaint, the legal effect of which is to deny the same.

67.  The matters set forth in paragraph 67 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 67 of the Complaint, the legal effect of which is to deny the same.

325193v1

68.  The matters set forth in paragraph 68 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 68 of the Complaint, the legal effect of which is to deny the same.

69.  The matters set forth in paragraph 69 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 69 of the Complaint, the legal effect of which is to deny the same.

70.  Denied.

71.  The matters set forth in paragraph 71 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and none is given.  To the extent an answer may be required, Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in paragraph 71 of the Complaint, the legal effect of which is to deny the same.

72.  Denied.

73.  Denied.

<u>COUNT IX</u>
(Negligence *Per Se* – Violation of 21 C.F.R. Ch. 1 § 812.20(a)(2))

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

74.  The matters set forth in paragraph 74 of the Complaint constitute conclusions of law not allegations of fact by reason of which no answer is required and

- 10 -

none is given.  To the extent an answer may be required, Defendant is without

knowledge or information sufficient to form a belief as to the allegations set forth in

paragraph 74 of the Complaint, the legal effect of which is to deny the same.

75.  The matters set forth in paragraph 75 of the Complaint constitute

conclusions of law not allegations of fact by reason of which no answer is required and

none is given.  To the extent an answer may be required, Defendant is without

knowledge or information sufficient to form a belief as to the allegations set forth in

paragraph 75 of the Complaint, the legal effect of which is to deny the same.

76.  Denied.

77.  Denied

COUNT X
(Punitive Damages)

Defendant incorporates by reference herein the answer and defenses set forth

above, and further states as follows:

78.  Denied.

79.  Denied.

80.  Denied.

81.  Denied.

82.  Denied.

83.  Denied.

325193v1

COUNT XI
(Parents' Claim)

Defendant incorporates by reference herein the answer and defenses set forth above, and further states as follows:

84.  Denied.

### Third Defense

All allegations of the Complaint not specifically hereinabove admitted are denied.

### Fourth Defense

No act or omission on the part of this Defendant caused or contributed to any of the alleged injuries or damages claimed by Plaintiffs, and therefore Plaintiffs are not entitled to recover anything from this Defendant.

### Fifth Defense

Defendant states that such injuries and damages that may have been sustained by Plaintiffs or by Plaintiffs' minor were caused, in whole or in part, by conditions or disease processes or by the acts or omissions of others for which this Defendant is not legally responsible.

### Sixth Defense

The injuries and damages sustained by Plaintiffs and by Plaintiffs' minor were a result of recognized complications regarding the procedures performed and treatment rendered and not a result of any alleged violation of the standard of care by Defendant.

### Seventh Defense

Defendant states that such medical and hospital care and treatment as may have been rendered by Defendant to Plaintiffs' minor at any time conformed in all respects to the standards therefor prevailing in the same or similar circumstances.

325193v1

<u>Eighth Defense</u>

Defendant reserves the right to assert that the Plaintiffs' alleged injuries or any damages resulting therefrom were proximately caused by the sole or contributory negligence of the Plaintiffs' or Plaintiffs' voluntary assumption of the risk thereof.

<u>Ninth Defense</u>

Defendant denies that it manufactured, sold, or distributed any product, denies that it is a manufacturer, seller, or distributor of products, denies that Plaintiffs are a buyer of goods, and denies that a sale of goods occurred..

<u>Tenth Defense</u>

To the extent Defendant manufactured, sold, or distributed any product as alleged in the Complaint herein, which Defendant expressly denies, Defendant states that the injuries of which Plaintiffs complain are due solely or in large part to disease or other causes which are not connected with any such product.

<u>Eleventh Defense</u>

To the extent Defendant manufactured, sold, or distributed any product as alleged in the Complaint herein, which Defendant expressly denies, Defendant states that the methods, standards and techniques for testing, designing, selling, distributing, packaging, labeling, handling and manufacturing of the product were determined and applied in conformity with the generally recognized state of the art at the time of the manufacture, sale, or distribution of the product(s).

<u>Twelfth Defense</u>

To the extent Defendant manufactured, sold, or distributed any product as alleged in the Complaint herein, which Defendant expressly denies, the Defendant's

325193v1

goods and products at all times pertinent hereto were merchantable and fit for the use intended and therefore Plaintiffs are not entitled to recover anything from Defendant.

### Thirteenth Defense

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the standards of liability for punitive damages in the District of Columbia are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

### Fourteenth Defense

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the District of Columbia's standards for determining the amount of the award are unduly vague and subjective, and permit arbitrary, capricious, excessive and disproportionate punishment that serves no legitimate governmental interest.

### Fifteenth Defense

The imposition of punitive damages in this case would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution because the District of Columbia's post-verdict review procedures for scrutinizing punitive damage verdicts do not provide a meaningful constraint on the discretion of juries to impose punishment.

### Sixteenth Defense

The imposition of punitive damages in this case in the absence of the procedural safeguards accorded to defendants subject to punishment in criminal proceedings,

325193v1

including a reasonable doubt standard of proof, would violate the Fourth, Fifth, and Sixth Amendments and the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### Seventeenth Defense

The imposition of punitive damages in this case would violate the Excessive Fines Clauses of the United States Constitution.

### Eighteenth Defense

The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Nineteenth Defense

The imposition of punitive damages in this case based upon evidence of Defendant's wealth or financial status would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### Twentieth Defense

The imposition of punitive damages in this case in the absence of a showing of malicious intent to cause harm to Plaintiffs would violate the Due Process Clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

### Twenty-First Defense

Defendant reserves the right to assert that Plaintiffs failed to take due and appropriate care in the mitigation of their alleged injuries and their recovery from this Defendant is therefore barred in whole or in part.

325193v1

WHEREFORE, having answered the Complaint herein, Defendant requests that this matter be dismissed, that Defendant be awarded reasonable costs and attorneys' fees, and that the Court grant such other relief as it deems appropriate.

Respectfully submitted,

JACKSON & CAMPBELL, P.C.

/s/ Nicholas S. McConnell

By:_____
    Nicholas S. McConnell (#167742)
    Lydia A. Auzoux (#477054)
    1120 – 20th Street, NW (South Tower)
    Washington, DC  20036-3437
    (T)(202) 457-1600
    (F)(202) 457-1678
    nmcconnell@jackscamp.com
    lauzoux@jackscamp.com

Counsel for Defendant
Children's National Medical Center

325193v1