UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**TERESA MORRING,** *et al.,*  :
:
    **Plaintiffs,**  :
:
    v.  :  **Civil Action No. 06-2036 (RMC)**
:
**CHILDREN'S NATIONAL MEDICAL**  :
**CENTER, INC.,**  :
:
    **Defendant.**  :
_____:

## PLAINTIFFS' PRELIMINARY 26(B)(4) STATEMENT

In accordance with the Court's Scheduling Order, and based on the incomplete factual discovery to date, Plaintiffs list the following preliminary list of experts they expect to call during trial of the above captioned case:

Carolyn Crawford, M.D.
5616 Sounds Avenue
Sea Isle City, NJ  08243

Samuel Rosenberg, M.D.
9711 Medical Center Drive, Suite 212
Rockville, Maryland 20850

Robert Cullen, M.D.
14641 SW 67th Avenue
Coral Gables, FL 33158

Dr. Crawford is a board certified neonatologist, Dr. Rosenberg is a board certified pediatric pulmonologist and Dr. Cullen is a board certified neurologist specializing in pediatric neurology.  It is expected that these individuals will testify to a reasonable degree of medical certainty that Children's National Medical Center ("CNMC") through it agents, employees and/or servants violated the national standard of care as stated aforesaid in the following:

      a.      negligent failure to properly place the ECMO catheters in place after it was adjusted so that it was functioning properly and did not require any further manipulation to improve function;

      b.      negligently failing to properly secure the ECMO catheters in place so that manipulation of the infant would not allow the arterial ECMO catheter to become dislodged;

      c.      negligently attempting to raise the position of the infant's neck to improve perfusion when it was recognized that the catheter was already too high;

      d.      negligent decannulation of infant's ECMO's catheter; and,

      e.      negligent and inadequate resuscitation efforts.

In addition, the above experts are also expected to testify that, as a result of the aforesaid negligent acts, minor plaintiff suffered a cardio-respiratory arrest causing severe, permanent and disabling damage to his body, including, but not limited to, diffuse brain damage in the form of hypoxic ischemic encephalopathy, spasticity, seizures, cortical visual loss, cerebral palsy, global developmental delays as well as other neurological and physical impairments leaving him completely and permanently disabled. They will opine that he has endured in the past, and will endure in the future, severe pain from his disabilities; he will also sustain expenses for medical, psychological, nursing, rehabilitative, educational, pharmaceutical services, as well as life long, around-the-clock care and attention for all activities of daily living. They will give their opinions and concur with the life-care plans and vocational assessments generated by Plaintiffs' other experts and render the opinion that minor plaintiff's life expectancy is normal with optimal care.

Further, based on the discovery to date, Plaintiffs' experts will address the fact that when Quinton Snowden was placed on ECMO, it exceeded the manufacturer's (Maquet's) time limit for the device and exceeded the time limit placed on the device by the FDA in its 510(k) submission. The manuals accompanying the device state that, "[t]he Jostra Heart Lung Machine HL 20 is indicated for use as an extra corporeal circulation device for perfusion appropriate to cardio-pulmonary bypass procedures of six hours or less." (Jostra-HL Heart-Lung Machine User's Manual 1-1). The 510(k) submission stated, "the Jostra HL-20 Twin Pump and the Jostra Hl-20 Single Head Roller Pump have the same intended use which is for use as an extra corporeal circulation device for perfusion appropriate to cardiopulmonary bypass procedures of six hours or less" (FDA 510(k). Thus, defendants used the product in violation of the manufacturer's indications, and for a period of time in excess of the FDA's approved time limits for use.

Melvin Van Woert, M.D.
752 Ridgewood Road
Millburn, NJ  07041-1823

Dr. Van Woert is a board certified internist with special training as a pharmacologist and investigator of human research. He, along with the aforesaid experts, is expected to testify that CNMC through it agents, employees and/or servants violated the national standard of care as stated aforesaid in the following manners:

    f.    negligent failure to submit the use the ECMO device to the CNMC's appropriate research governing body and/or Institutional Review Board (IRB), when it was to be used in excess of the time limits placed on it by both the government and the manufacturer;

g.  negligent failure to follow Maquet's or the FDA's recommendations for the use of the device by employing it in excess of the time for which the FDA approved the device, namely 6 hours or less; and

h.  negligent failure to obtain informed consent by failing to have an IRB approved consent form executed by the patient's guardian, and by failing to explain fully to the patient's guardian that the device was to be used in an unapproved manner, and that there were significant risks, i.e., decannulation.

In addition, Plaintiffs' experts will address the fact that the Jostra HL-20 Twin Pump at issue was recalled, FDA recall #Z-0159-2007, and was thus defective. Plaintiffs' experts are further expected to testify that if the device had been used in accordance with the manufacturer's indications and, if a proper IRB approved consent had been formulated, the decannulation would never have occurred.

Estelle Davis, Ph.D.
5052 Dorsey Hall Drive, #102
Ellicott City, MD 21042

Ms. Kathleen Sampeck
P.O. Box 2920
Stafford, Virginia 22555-2920

Dr. Davis is a rehabilitation expert and Ms. Sampeck is a life care planner. Their *curriculum vitaes* have already been provided, along with their reports. It is expected that they will testify in accordance with their reports that minor plaintiff will not likely become an independently functioning adult, that he will requiring life long attendance and care, and never live a normal life.

Richard Lurito, Ph.D. (Economist)
1491 Chain Bridge Road, Suite 300
McLean, VA  22101

Dr. Lurito is Plaintiffs' economist.  Dr. Lurito will render his opinions in the form of a report which will be provided upon receipt.  It is expected that Dr. Lurito will render his opinion to a reasonable degree of scientific certainty that the present values of the losses sustained by the minor plaintiff and his family as a result of the damages testified to by the above experts. These losses include, but are not limited to: lost wages; lost past medical expenses; future care need; future supplies; future home modification; lost income and income potential; as well as other related losses.

Plaintiffs reserve the right to call minor plaintiff's past and present treating physicians to address his: diagnosis; prognosis; around-the clock care needs; cause of his injury; physical and mental disabilities; level of impairment and conscious pain and suffering.

Plaintiffs reserve the right to call all expert witnesses identified by the other parties.

Plaintiffs reserve the right to call additional expert witnesses identified in the reports and depositions of the other parties' experts

                Respectfully submitted,

                  /s/ Ira Sherman
                Ira Sherman, Esquire
                CHAIKIN & SHERMAN, P.C.
                1232 Seventeenth Street, N.W.
                Washington, D.C. 20036
                (202) 659-8600

       /s/ Anthony Newman
Anthony Newman, Esquire
NEWMAN, McINTOSH & HENNESSEY, LLP
7315 Wisconsin Avenue, Suite 700E
Bethesda, Maryland 20814
(301) 654-3400
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing was served electronically via the EM/EFC system on September 28, 2007 to:

Nicholas McConnell, Esquire
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Washington, DC 20036

       /s/ Ira Sherman
Ira Sherman