UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **TERESA MORRING,** *et al.,* | : |
| **Plaintiffs,** | : |
| v. | : Civil Action No. 06-2036 (RMC) |
| **CHILDREN'S NATIONAL MEDICAL CENTER, INC.,** | : |
| **Defendant.** | : |

**PLAINTIFFS' SUPPLEMENTAL 26(B)(4) STATEMENT**

Given recent discovery, Plaintiffs list the following additional expert they expect to call during trial of the above captioned case:

Arthur Kaufman, M.D.
10139 Crestberry Place
Bethesda, MD  20817

Dr. Kaufman is an expert in hospital administration.  It is expected that he will testify to a reasonable degree of medical certainty that Children's National Medical Center ("CNMC") through it agents, employees and/or servants violated the national standard of care as well as its own policies and procedures; by:

    a.    Negligently failing to obtain consent from minor plaintiff's guardian (mother), as documented by a written, witnessed consent form, for the use of ECMO on minor plaintiff and for the use of the ECMO in excess of 6 hours.  This would have included, at a minimum, a statement of the risks and benefits and the alternatives to ECMO therapy.

b. Negligently failing to follow defendant's own "ECMO Training Manual" policy by not providing to, reviewing with, or having the execution by minor plaintiff's guardian of, the "Form" entitled, "ECMO Information" with minor plaintiff's guardian.

c. Negligently failing to document the providing of the "Form" entitled "ECMO Information" to plaintiff's guardian.

d. Negligently creating an "ECMO Information" sheet that, if it had been provided to minor plaintiff's guardian, would have been inadequate to provide informed consent and would have been confusing as well as misleading by providing conflicting information when read in conjunction with the experimental protocol's consents executed by the minor plaintiff's mother.

e. Negligently failing to include in the "ECMO Information;" a complete list and nature and extent of potential significant risks; a complete statement of the alternatives to treatment; and, a place for both the signature of a witness and execution by the guardian.

f. Negligently failing to follow the procedure set forth in the "Patient Selection For ECMO," in that, "[a]ll infants should have had attempts at routine therapy and have failed. Therapies such as oscillation, if available, should be attempted before ECMO, if felt to be appropriate by the attending physician, because of the lower degree of complications with these procedures…[after] maximal therapy has failed…."

g. Negligently failing (by the defendant's own IRB) to approve a complete consent form for the experimental studies performed on minor plaintiff including a statement of the risks (including decannulation) and alternatives to the ECMO devices. Instead, the "consent" provided contradictory statements including, "parts of this

study…are considered routine standard of care for your baby except for the use of the aEEG and NIRS machines. These machines have been approved for use in newborns and are not associated with any major side effect" and, "[o]nce your baby is on ECMO, there will be frequent blood sampling from the catheter or tube that will be placed for ECMO. Drawing off the additional blood for our tests will add no additional risk or discomfort."

In addition Dr. Kaufman is expected to provide other opinions involving the IRB in accordance with those opinions of Dr. VanWoert, previously identified. These issues include:

    a.    negligent failure to provide informed consent approved by the IRB for the use the ECMO devices in excess of the time limits placed on it by both the government and the manufacturer and;

    b.    negligent failure to provide informed consent approved by the IRB for the multiple use of one-time only catheters that was the intent of the both the government and the manufacturer.

Further, based on the discovery to date, Dr. Kaufman will address the fact that when Quinton Snowden was placed on ECMO, it exceeded the manufacturer's (Maquet's) time limit for the device and exceeded the time limit placed on the device by the FDA in its 510(k) submission. The manuals accompanying the device state that, "[t]he Jostra Heart Lung Machine HL 20 is indicated for use as an extra corporeal circulation device for perfusion appropriate to cardio-pulmonary bypass procedures of six hours or less." (Jostra-HL Heart-Lung Machine User's Manual 1-1). The 510(k) submission stated, "the Jostra HL-20 Twin Pump and the Jostra Hl-20 Single Head Roller Pump have the same intended use which is for use as an extra corporeal circulation device for perfusion appropriate to

- 3 -

cardiopulmonary bypass procedures of six hours or less" (FDA 510(k)). Thus, defendants used the product in violation of the manufacturer's indications, and for a period of time in excess of the FDA's approved time limits for use.

Dr. Kaufman is also expected to testify that, in his opinion, if proper informed consent had been provided to minor plaintiff's guardian along with a statement of alternative therapies; and, alternative therapy was chosen, minor plaintiff would not have suffered the injuries sustained by the decannulation.

                                Respectfully submitted,

                                 /s/ Ira Sherman
                              Ira Sherman, Esquire
                              CHAIKIN & SHERMAN, P.C.
                              1232 Seventeenth Street, N.W.
                              Washington, D.C. 20036
                              (202) 659-8600

                              /s/ Anthony Newman
                              Anthony Newman, Esquire
                              NEWMAN, McINTOSH & HENNESSEY, LLP
                              7315 Wisconsin Avenue, Suite 700E
                              Bethesda, Maryland 20814
                              (301) 654-3400
                              ***Attorneys for Plaintiffs***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served electronically via the EM/EFC system on December 11, 2007 to:

Nicholas McConnell, Esquire
JACKSON & CAMPBELL, P.C.
1120 20th Street, N.W.
Washington, DC 20036

                              /s/ Ira Sherman
                              Ira Sherman